**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 03-20678-CR-ALTONAGA**

**UNITED STATES OF AMERICA**,

Plaintiff,

v.

**CORNELL ADLEY**,

Defendant.
_________________________________/

**ORDER**

**THIS CAUSE** came before the Court *sua sponte*. On December 7, 2023, Defendant, Cornell Adley filed a Motion for Modification of Sentence for Compassionate Release Pursuant to 18 U.S.C. [Section] 3582(c)(1)(A) and [Section] 3553(a) [ECF Nos. 905, 905-1]. The Government filed a Response in Opposition [ECF No. 916], to which Defendant filed a Reply [ECF No. 941]. Defendant sought compassionate, early release from service of his prison sentence under new amendments to the Sentencing Guidelines made effective November 1, 2023. (*See generally* Mot.; Reply).

On March 5, 2024, the Court entered an Order [ECF No. 944] denying the Motion, finding that Defendant had not shown "he is no longer a danger to others" and "service of his present sentence is inconsistent with the sentencing factors of 18 U.S.C. section 3553(a)[.]" (*Id.* (alteration added)). The Court later set aside the March 5, 2024 Order explaining it would "elaborate on its decision to consider a sentence reduction in a more complete and forthcoming order[.]" (March 14, 2024 Order [ECF No. 947] (alteration added)). The Court does so now, having carefully reconsidered the record and the parties' written submissions, and based on recent developments in the law. For the following reasons, the Motion is granted in part.

## I. BACKGROUND

Defendant was convicted on October 21, 2004 of (1) conspiracy of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. section 841(a)(1); (2) conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. section 1951(a); (3) conspiracy to use or carry a firearm in relation to and furtherance of a crime of violence and a drug trafficking crime, in violation of 18 U.S.C. section 924(o); (4) possession with intent to distribute cocaine, in violation of 21 U.S.C. section 841(a)(1); (5) attempt to commit Hobbs Act robbery under 18 U.S.C. section 1951(a); and (6) use of a firearm in relation to a crime of violence and a drug trafficking crime, in violation of 18 U.S.C. section 924(c). (*See generally* Superseding Indictment [ECF No. 232]; Verdict [ECF No. 336]).

Defendant's initial offense level under the Sentencing Guidelines was 32, but it was enhanced to a level 34 under the career offender provision because he had "at least two prior felony convictions . . . for crimes of violence": a 1995 conviction of attempted first and second-degree murder and a 1998 conviction for battery on a law enforcement officer. (Pre-Sentence Investigation Report ("PSI") ¶¶ 61–62 (alteration added); *see also id.* ¶¶ 70–71; U.S.S.G. § 4B1.1). Defendant was sentenced to 387 months' imprisonment (327 months for Counts I through V and a 60-month consecutive term for Count VI). (*See* Sentencing Tr. [ECF No. 542-1] 16:9–16).[1]

Defendant has served over 20 years of his sentence and moves for compassionate release. (*See generally* Mot.; Reply). He argues the Sentencing Commission's recent amendments, which took effect November 1, 2023, allow for his sentence to be reduced because it is an "unusually long sentence[.]" U.S.S.G. § 1B1.13(b)(6) (alteration added). According to Defendant, had he

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings. Citations to hearing transcripts rely on the pagination and line numbering in the original document.

been sentenced after the Eleventh Circuit decided *United States v. Williams*, 609 F.3d 1168 (11th Cir. 2010), he would not be considered a career offender, and his sentence may have been up to 117 months (almost 10 years) shorter. (*See* Mot. 7; Reply 3–4). The Court agrees Defendant is eligible for some form of relief and explains its reasons below.

## II. LEGAL STANDARDS

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute."[2] *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010). As relevant here, under 18 U.S.C. section 3582(c)(1)(A), the Court may reduce a defendant's term of imprisonment if, after considering the factors under 18 U.S.C. section 3553(a), it finds "extraordinary and compelling reasons warrant such a reduction[] . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A) (alterations added).[3] A defendant bears the burden of showing he is eligible for a sentence reduction. *See United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014) (citation omitted).

Congress has tasked the Sentencing Commission with "describ[ing] what should be considered extraordinary and compelling reasons for sentence reduction," instructing that

---

[2] Under 18 U.S.C. section 3582(c), a court may modify a term of imprisonment only under the following scenarios: (1) where either "extraordinary and compelling reasons warrant such a reduction" or the defendant is at least 70 years old and meets other requirements, *id.* section 3582(c)(1)(A); (2) where another statute or Federal Rule of Criminal Procedure 35 expressly permits a sentence modification, *see id.* section 3582(c)(1)(B); or (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Sentencing Commission and other requirements are satisfied, *see id.* section 3582(c)(2).

[3] As amended by the First Step Act of 2018, section 3582(c)(1)(A) allows a prisoner to move for a sentence reduction on his own behalf after he "has fully exhausted" his administrative remedies. 18 U.S.C. § 3582(c)(1)(A) (A prisoner may file a motion on his own behalf "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden . . . whichever is earlier[.]" (alterations added)); *see United States v. Bryant*, 996 F.3d 1243, 1250 (11th Cir. 2021). While the Government contends Defendant failed to exhaust his administrative remedies because he did not appeal the warden's denial of his request for compassionate release (*see* Resp. 6–7), Defendant explains he re-filed a second sentence reduction application after the sentencing amendments took effect and only filed the

"[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t) (alterations added). Section 1B1.13 of the Sentencing Guidelines explains the "[e]xtraordinary and compelling reasons" justifying a sentence reduction. U.S.S.G. § 1B1.13(b) (alteration added). The Sentencing Commission currently lists six reasons; relevant here is whether "defendant received an unusually long sentence[.]" *Id.* at 1B1.13(b)(6) (alteration added).

Next, the section 3553(a) factors courts must consider "include . . . the seriousness of the offense, promoting respect for the law, providing just punishment, affording adequate deterrence, protecting the public from the defendant's further crimes, and providing the defendant with appropriate correctional treatment." *United States v. Taylor*, 997 F.3d 1348, 1354 (11th Cir. 2021) (alteration added; citing 18 U.S.C. § 3553(a)). "A district court must also take into consideration the 'nature and circumstances' of the offense and the 'history and characteristics' of the defendant." *Id.* (quoting 18 U.S.C. § 3553(a)(1)). The Court should further "consider the types of sentences available, the applicable guideline range, any pertinent policy statement issued by the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims." *Id.* (citing 18 U.S.C. §§ 3553(a)(3)–(7)).

With this governing legal framework, the Court now turns to the parties' arguments.

current Motion after a lapse of 30 days with no action from the warden (*see* Reply 2). The Court agrees Defendant exhausted his administrative remedies with his most recent application.

## III. DISCUSSION

Defendant points to his unusually long sentence as an extraordinary and compelling reason justifying relief. (*See generally* Mot.; Reply). The Court is persuaded that his sentence is "unusually long," and Defendant qualifies for a sentence reduction.

Under the newly enacted amendments to the Sentencing Guidelines, defendants are eligible for release if they "received an unusually long sentence" (as Defendant here argues he has) and have "served at least 10 years of the term of imprisonment" (as Defendant here has). U.S.S.G. § 1B1.13(b)(6). Then, the Court may consider "a change in the law" to "determine[e] whether the defendant presents an extraordinary and compelling reason . . . where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances." *Id.* (alterations added).

The Commission elaborated in section 1B1.13(c) that "a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement." *Id.* But "if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction." *Id.*

While a nonretroactive change in the law cannot stand alone as an extraordinary and compelling reason, it is "a measuring stick for the Court to use to determine if the sentence defendant is serving is, in fact, unusually long[.]" *United States v. Ware*, --- F. Supp. 3d ---, No. 97-cr-00009, 2024 WL 1007427, at *7 (N.D. Ga. Mar. 6, 2024) (alteration added). The Court has

the discretion to modify an unusually long sentence if the change in law created a gross disparity between the defendant's sentence and a similarly situated defendant in the present day. *See id.*; *United States v. Brown*, No. 95-cr-66, 2024 WL 409062, at *6 (S.D. Ohio Feb. 2, 2024) (holding that while section 1B1.13(b)(6) "does not give courts carte blanche to consider nonretroactive changes in the law[,]" courts may consider nonretroactive changes if the defendant's sentence is unusually long and the nonretroactive change created a gross disparity between the original sentence and the likely sentence today (alteration added)); *United States v. Padgett*, --- F. Supp. 3d ---, No. 06-cr-13, 2024 WL 676767, at *5 (N.D. Fla. Jan. 30, 2024) (stating that "changes in caselaw governing application of the guidelines, even if otherwise nonretroactive, *can* be considered" on whether there are extraordinary and compelling reasons for a sentence reduction (emphasis in original)).

Defendant argues he would have received a considerably shorter sentence had *United States v. Williams*, 609 F.3d 1168 (11th Cir. 2010), been decided at the time of his conviction, since he would not have been considered a career offender. (*See* Mot. 7; Reply 3–4). Thus, Defendant insists his sentence is unusually long and grossly disparate from the sentence he would receive under the current Guidelines. (*See generally* Mot.; Reply).

The Government opposes Defendant's Motion on several fronts. (*See generally* Resp.). First, the Government contends the Sentencing Commission exceeded its authority in promulgating this amendment to the Sentencing Guidelines. (*See generally* Resp. 7–11). In the alternative, the Government argues Defendant would be subject to the same advisory Guidelines range if he were sentenced today because no change in the law occurred. (*See id.* 7, 10). The Government further contends that the section 3553(a) factors independently preclude relief. (*See*

*id.* 11). Upon careful consideration, including review of several recent trial court decisions, the Court disagrees with the Government's arguments.

**A. Validity of Sentencing Guideline Section 1B1.13(b)(6)**

First, the Court has joined the chorus of other district courts in this Circuit rejecting the Government's argument that the Sentencing Commission was without authority to enact this amendment. *See, e.g.*, *United States v. Franklin*, No. 95-cr-08089, Apr. 19, 2024 Order [ECF No. 1905] filed April 19, 2024 (S.D. Fla. 2024); *United States v. Cousins*, No. 92-cr-250, 2024 WL 1516121, at *4–5 (N.D. Ga. Apr. 4, 2024); *United States v. Colley*, No. 94-cr-7, 2024 WL 1516128, at *4 (N.D. Ga. Mar. 26, 2024); *Ware*, 2024 WL 1007427, at *7; *United States v. Smith*, No. 99-cr-66, 2024 WL 885045, at *2 (N.D. Fla. Feb. 20, 2024); *United States v. Allen*, --- F. Supp. 3d ---, No. 09-cr-320, 2024 WL 631609, at *5 (N.D. Ga. Feb. 12, 2024); *Padgett*, 2024 WL 676767, at *3.

"[T]he Eleventh Circuit has never held that nonretroactive changes cannot be extraordinary and compelling reasons, [so] this Court can accept [section] 1B1.13(b)(6)'s validity and applicability." *Allen*, 2024 WL 631609, at *5 (alterations added). After all, "to curtail judicial discretion, the statute specifically directs the Commission to adopt a policy statement that defines 'extraordinary and compelling reasons.'" *Bryant*, 996 F.3d at 1255. The Eleventh Circuit has explained that the reason Congress requires the Sentencing Commission to establish such policy statements "is that it 'made the policy statement binding on courts by providing that a sentence may be reduced only where doing so is consistent with the Commission's policy statements.'" *Id.* (alterations adopted; citation omitted). Thus, the Court is following the consistent decree of the Sentencing Commission and — in line with several recent district courts before it — rejects the Government's argument that the Commission exceeded its limits.

**B. Applicability of Sentencing Guideline Section 1B1.13(b)(6) to Defendant**

Next, the Court considers Defendant's substantive argument that he is eligible for relief under the new Sentencing Guidelines amendment. According to Defendant, there is a "gross disparity" between his sentence and the sentence he would receive today for the same crime. Under Sentencing Guideline section 4B1.1, a defendant is a career offender if: "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." *Id.*

In 2010, the Eleventh Circuit held that felony battery on a law enforcement officer in Florida — one of Defendant's predicate crimes at sentencing — is no longer considered a "crime of violence" satisfying the enhancement criteria under section 4B1.2(a)(1) of the Sentencing Guidelines. (*See* Mot. 7; Reply 3); *Williams*, 609 F.3d at 1169–70 ("We hold that . . . the fact of a conviction for felony battery on a law enforcement officer in Florida, standing alone, no longer satisfies the 'crime of violence' enhancement criteria[.]" (alterations added)). Defendant insists that because none of his other prior felony convictions was a crime of violence, he would no longer be considered a career offender, and his total offense level would have been 32 instead of 34. (*See* Reply 3–4). According to Defendant, the Guidelines sentencing range would be 210 to 262 months (plus the 60-month consecutive sentence on Count VI)[4] today, compared to his original 262 to 327-month range (with same) at sentencing. (*See id.*).

As noted, the undersigned sentenced Defendant to the high-end of the sentencing range, resulting in a present-day 65-month disparity. While the Government argues that Defendant fails

[4] Defendant does not contest his mandatory five-year sentence on Count VI. (*See generally* Mot.; Reply).

to "assert what change in the law has occurred to make his sentence disparate or unusually long" (Resp. 10), the Court disagrees; he has done so by pointing to binding Eleventh Circuit precedent that post-dates his sentencing.

Next, the Court must determine whether these changes in the law "produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion [was] filed[.]" U.S.S.G. § 1B1.13(b)(6) (alterations added). The Court agrees with the *Allen* court that a gross disparity is one that is "glaringly noticeable." *Allen*, 2024 WL 631609, at *6.

As stated, given the changed definition of a "crime of violence" under *Williams*, 609 F.3d at 1169–70, and the Court's decision to sentence Defendant at the high end of his advisory Guidelines range, Defendant could have received a sentence almost five-and-a-half years shorter than the sentence he received had he been sentenced at the time he filed his Motion. (*See* Reply 4). Considering Defendant's individual case and circumstances, an additional five-and-a-half years of incarceration are a "glaringly noticeable" difference, *Allen*, 2024 WL 631609, at *6; and constitute "a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion [was] filed," U.S.S.G. § 1B1.13(b)(6) (alteration added). The Fourth Circuit adopted the "unusually long sentence" as an "extraordinary and compelling" reason for relief before the Sentencing Guidelines were updated in *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020). Several district courts applying *McCoy* have found that sentences with under five years' disparity were "unusually long" and warranted reduction. *See, e.g.*, *United States v. Miller*, No. 08-cr-01155, 2023 WL 7065545, at *4 (D.S.C. Oct. 26, 2023) (collecting cases; stating "[c]ourts in [the Fourth C]ircuit have found differences of even one to two years to be a gross disparity sufficient to establish an extraordinary and compelling reason for compassionate release." (alterations added)); *United States v. Shaw*, No. 13-cr-00025, 2021 WL 3007266, at *5

(W.D. Va. July 15, 2021) (finding a sentencing disparity of 22 months an extraordinary and compelling reason to warrant a sentence reduction).

**C. Consideration of the Section 3553(a) Factors**

While Defendant persuades the Court that he satisfies section 1B1.13(b)(6) of the Sentencing Guidelines, under 18 U.S.C. section 3582(c)(1)(A)(i), the Court may only reduce Defendant's term of imprisonment for extraordinary and compelling reasons after considering the factors set forth in 18 U.S.C. section 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A)(i). Again, the section 3553(a) factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

*United States v. Bonilla-Tello*, 270 F. App'x 982, 985 (11th Cir. 2008) (citation omitted); *see* 18 U.S.C. § 3553(a).

Defendant argues the section 3553(a) factors do not preclude a reduction of his sentence because he is "a changed individual who has rehabilitated." (Reply 12; *see* Mot. 20–22; Reply 12–14). The Government contends the section 3553(a) factors weigh against relief because Defendant has a "strong risk of [] reoffending;" and "[a] reduction of his sentence would not reflect the seriousness of his offense, promote respect for the law, provide just punishment, and afford adequate deterrence to criminal conduct." (Resp. 11 (alterations added)). "The Court is not required to expressly discuss all mitigating evidence or every [section] 3553(a) factor . . . . Instead, an acknowledgement by the Court that it has considered the [section] 3553(a) factors and the

parties' arguments is ordinarily sufficient." *Allen*, 2024 WL 631609, at *8 (alterations adopted; other alterations added; citations and quotation marks omitted).

Defendant highlights his emotional immaturity at the time of both the underlying offense and other criminal activity — committed when he was just 22 and 23 years old. (*See* Reply 12–13). Considering the time that has transpired since Defendant committed these crimes, in combination with Defendant's personal growth and rehabilitation during his time in prison — including working to obtain his GED, undergoing mental health treatment, holding a job in prison for 18 years, receiving minimal disciplinary infractions, and maintaining a relationship with his family — without contrary evidence from the Government, the Court will not preclude Defendant from relief under section 3553(a). (*See* Mot. 20–22; Reply 12–14).

The Government also fails to persuade that a reduction in sentence would compromise Defendant's respect for the law and ability to reflect on his crimes. (*See generally* Resp.). Defendant has served over 20 years in prison; to be clear, the Court is not envisioning a time served sentence. (*See* Mot. 21; Reply 14). Defendant expresses that he is a "humbled human being" (Mot. 21), with an intent to "live a productive and law-abiding life" (Reply 14). Defendant's sister and children have written letters to the Court expressing their support for Defendant. (*See* Geneva Adley Letter [ECF No. 903]; Cornisha Adley Letter [ECF No. 904]; Cortisha Adley Letter [ECF No. 907]; Nyesha Adley Letter [ECF No. 919]). While Defendant's conduct was certainly serious, he has already served a lengthy sentence with minimal disciplinary action and assures the Court that he intends to abide by the law upon his release. (*See generally* Mot.; Reply).

In sum, the Government's arguments about a strong risk of reoffending and a reduction failing to reflect the seriousness of his offense, promote respect for the law, provide just punishment, and afford adequate deterrence, do not address whether Defendant's personal growth

and improvement over his more than 20 years in prison have altered the calculus of these section 3553(a) factors. (*See generally* Resp.). The Government makes no attempt to explain why a reduced sentence will not be sufficient to meet the section 3553(a) goals. *See Smith*, 2024 WL 885045, at *1 (granting a defendant's motion for sentence reduction where "the government [did] not deny that [defendant] has already served a sentence sufficient to meet the U.S.C. [section] 3553(a) sentencing purposes." (alterations added)).

## IV. CONCLUSION

Accordingly, it is

**ORDERED AND ADJUDGED** that the Motion **[ECF No. 905]** is **GRANTED in part**. The parties shall confer and contact the Courtroom Deputy to schedule a resentencing hearing, advising of the amount of time required on the Court's calendar and proposed deadlines for the filing of sentencing memoranda.

**DONE AND ORDERED** in Miami, Florida, this 3rd day of May, 2024.

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: counsel of record